UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-24239-CIV-SEITZ/WHITE

KENNETH GARY CRUZ,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATIONS, OVERRULING PETITIONER'S OBJECTIONS, AND DENYING CERTIFICATE OF APPEALABILITY

THIS MATTER is before the Court on Petitioner's Objections [DE 7] to Magistrate Judge White's Report and Recommendations [DE 6]. In 2013, Petitioner Cruz pled guilty to the crime of brandishing a firearm during a crime of violence under 18 U.S.C § 924(c)(1)(A)(ii). In 2015, he filed this 28 U.S.C. § 2255 petition [DE 1] and supporting memorandum [DE 4], raising two claims for ineffective assistance of counsel based on (1) failure to timely file a motion to suppress and (2) failure to object at sentencing to the imposition of an increased mandatory minimum based on a fact (brandishing) not determined by a jury. Conceding his petition is untimely, Petitioner argues he is actually innocent. The Report recommends denying the petition as time-barred because Petitioner has not brought forth any new evidence or otherwise established actual innocence.

Based on its *de novo* review of the record, the Report, and the Objections, the Court finds that the Report's factual findings are amply supported by the record and that its legal conclusions are consistent with the proper application of the law to those facts. In his Objections, Cruz maintains that he is actually innocent because his plea was involuntary and because his mandatory minimum sentence was enhanced without submitting the fact of brandishing to a jury. Neither argument has merit. Although he acknowledges he must show factual innocence, Cruz's actual innocence claim is based on allegations of ineffective assistance of counsel and impermissible judicial fact-finding. Those are claims of legal innocence, not factual innocence — *i.e.*, that he did not brandish a gun.

1

Moreover, his factual innocence is belied by the record. Count 2 of the Superseding Indictment [CR-DE 19, p. 2][1] charged Cruz with knowingly using, carrying and brandishing a firearm in violation of 18 U.S.C § 924(c)(1)(A)(ii), and in his signed factual proffer supporting his guilty plea to Count 2, he specifically admitted to "brandish[ing] a real shotgun and point[ing] it" at the victim [CR-DE 28, p. 1].[2] Given that he has not alleged any facts that would contradict his admission, he has not established actual innocence. Nor does — as Petitioner appears to believe — the absence of a jury determination show that he is innocent of brandishing a gun. To the contrary, courts have held that a fact supporting a sentence enhancement does not need to be proved to a jury where, as here, the defendant admitted to that fact. *See United States v. Yancy*, 725 F.3d 596, 601 (6th Cir. 2013) ("[W]hen a defendant knowingly admits the facts necessary for a sentence enhancement in the context of a plea, simultaneously waiving his Sixth Amendment right to a jury trial, no *Apprendi* problem arises."). Petitioner's Objections are overruled and the petition must be denied as time-barred.[3]

### *No Evidentiary Hearing is Warranted*

A court need not hold an evidentiary hearing if the "files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Report recommended that any request for an evidentiary hearing should be denied, because Petitioner's claims are meritless and wholly unsupported by the record. In his Objections, Petitioner simply reasserts in a conclusory

---

[1] Docket entries in Petitioner's underlying criminal case, No. 12-20714, will be cited as [CR-DE __].

[2] Cruz's signed plea agreement further disclosed that Count 2 carried a minimum mandatory sentence of seven years. [CR-DE 27, p. 2.]

[3] To the extent Petitioner's passing references to "cause and prejudice" are an attempt to argue that exception applies, such an argument also lacks merit. Petitioner could have raised claims that "counsel misrepresented Petitioner at Pre-trial and Sentencing" in the year he had in which to timely file a petition. *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which underlies his second ineffective assistance claim, was decided before Petitioner's limitations period began to run. Even if he still believed at the time that brandishing was only a sentencing factor, "perceived futility does not constitute cause to excuse a procedural default." *McCoy v. United States*, 266 F.3d 1245, 1259 (11th Cir. 2001).

manner that he should be entitled to a hearing on his claims. As set out in the Report and herein, Petitioner is entitled to no relief, and his request for a hearing is thus denied.

*No Certificate of Appealability Will Issue*

Additionally, the Court will deny issuance of a certificate of appealability. In order to obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied if a petitioner demonstrates "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Jones v. Sec'y, Dep't of Corr.*, 607 F.3d 1346, 1349 (11th Cir. 2010) (quotation omitted). Cruz has not met this standard. Accordingly, a certificate of appealability is denied. Therefore, it is

ORDERED THAT

(1) The Court **AFFIRMS AND ADOPTS** the Report and Recommendations [DE 6].

(2) Petitioner's Objections [DE 7] are **OVERRULED**.

(3) Petitioner's request for an evidentiary hearing is **DENIED**.

(4) Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, a certificate of appealability is **DENIED**.

(5) Petitioner's petition under 28 U.S.C. § 2255 [DE 1] is **DENIED**.

(6) All pending motions not ruled upon, including Petitioner's Motion for a Status Conference [DE 8], are **DENIED AS MOOT**.

(7) This **CASE is CLOSED**.

DONE AND ORDERED in Miami, Florida, this 8th day of March, 2016.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record
    *Pro Se* Petitioner